## STATE v. JERRY.

Decision in *State* v. *Dick*, ante p. 182, as to the liability of a slave to be punished for murder, in killing another slave, affirmed.

After conviction it is useless to enquire by what authority the accused was arrested.

The provision of sec. 13 of the stat. of 1 June, 1846, directing that an affidavit be made before the arrest of a slave, is intended for the protection of his owner, who cannot be required to surrender his slave until facts shall have been sworn to authorizing a prosecution. The neglect of the master to insist on this right, is not an irregularity of which the slave can complain.

The statute imposing on the district attorneys the duty of prosecuting slaves accused of capital crimes, does not render their presence necessary to the validity of such proceedings. All the courts of the State are empowered to appoint counsel to prosecute on behalf of the State, in the event of the absence of the district attorney. Stat. of 28 January, 1817, s. 20.

An objection that a second justice of the peace was not present to aid in selecting the ten owners of slaves for the trial of a slave under the stat. of 1 June, 1846, must be made before the persons selected are sworn. If they are permitted to be sworn, without objection, it will be a waiver of the irreguiarity.

Where one accused of a crime is prosecuted as a slave, and he submit to a trial without objection, the fact of his being a siave will be considered so far admitted as to exempt the State from proving the slavcry.

The stat. of 1 June, 1846, providing for the trial of slaves, does not require that the sentence should be signed by both justices of the peace. The signature of one is sufficient.

APPEAL from a sentence pronounced by a tribunal organized for the trial of a slave in the parish of Madison. *Elmore*, Attorney General, for the State. *H. W. Dunlap*, *Hynes* and *Moore*, for the appellant. The judgment of the court (*Eost*, J. absent,) was pronounced by

KING, J. The accused was convicted of the murder of a slave, and from the sentence of the court has appealed. The grounds on which a reversal of the judgment of the lower court is claimed are: 1st. That no statute of the State makes the killing of a slave by another slave, murder. 2d. That the accused was not arrested in virtue of a writ issued upon a previous affidavit. 3d. That the district attorney did not assist at the trial, and the appointment of counsel to prosecute on behalf of the State was unauthorized by law. 4th. That the tribunal by which the accused was tried was illegal, and its proceedings void, because the assisting justice was not notified to attend until the day of trial, and was not present to assist in selecting the slave owners who served as jurors. 5th. That the accused was not proved on the trial to be a slave. And 6th. That the sentence was signed by but one of the justices.

I. The first point has been determined in the case of the *State* v. *Dick*, *supra* p. 182.

II. The slave was taken into custody, and his presence secured at the trial. It can be of no importance now to enquire by what authority he was arrested. The provision of the act of 1846 (Acts, p. 115, sec. 13), directing that an affidavit be made before the arrest of a slave, is intended for the protection of the owner, who cannot be required to surrender his slave until facts shall have been sworn to which authorize a prosecution. His neglect to insist on this right is not an irregularity of which the accused can complain.

III. The statute imposes upon the district attorney the duty of prosecuting slaves accused of capital crimes, but his presence is not made indispensable to the validity of the proceedings. All of our courts are vested with the power to appoint counsel to prosecute on behalf of the State, in the event of the absence of the district attorney. Bul. & Cur. Dig. p. 186, § 20.

IV. The objection that the assistant justice was not present to aid in selecting the ten slave holders, should have been urged before the jurors were sworn. The accused cannot be permitted, under the provisions of this statute, to accept jurors who may have been irregularly chosen, and after verdict take advantage of the irregularity. If he permit those to be sworn without objection, his silence must be considered as a waiver of the irregularity. See *State* v. *Isaac*, 3d An. p. 359.

V. The defendant having been charged as a slave, and having submitted to a trial as such without objection, so far admitted his condition as to dispense the State from proving his slavery.

VI. The signatures of both of the justices of the peace to the sentence are not required by the statute. *Judgment affirmed.*